UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:23 CR 538 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| SILAS MOULTRIE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Silas Moultrie's Motion for Bond. (ECF #138), and the Government's corresponding Motion for Detention (ECF #147). On October 30, 2024, Mr. Moultrie filed a Response to the Government's Motion for Detention and Brief in Support of his Motion for Bond. (ECF #167).

Mr. Moultrie was indicted on September 20, 2023. (ECF #15). He was arrested in West Virginia on September 16, 2024. The Southern District of West Virginia ordered him detained and remanded to the custody of the United States Marshal pending transfer to this District. He was arraigned in the Norther District of Ohio on October 15, 2024. (ECF #130). At the arraignment, Mr. Moultrie was remanded to the custody of the United States Marshal pending any formal request for bond. (ECF #130). Mr. Moultrie and the Government have now submitted conflicting motions related to the propriety of issuing a bond in this case. (ECF #138, 147).

Mr. Moultie is named in fifteen counts of the Indictment:

- Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. §§ 1349 (Count 1);

- Wire Fraud, in violation of 18 U.S.C. §1343 (Counts 2-4, 6);

- Mail Fraud, in violation of 18 U.S.C. §1341 and 2 (Counts 8-11, 13, and 16); and,

- Aggravated Identity Fraud, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Counts 20, 23, 26, and 31).

(ECF #1).

The Bail Reform Act requires detention upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(e)(2). Title 18 U.S.C. §3142 sets forth the factors a court should consider when determining whether there are "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," or whether detention is warranted. These include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

 (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. §3142(g).

  The nature and circumstances of the charged offense is that Mr. Moultrie is accused of playing a significant role in a long-standing conspiracy, occurring over seventeen months, to steal unemployment insurance benefits that were intended to assist people who were facing financial difficulty during the national COVID-19 pandemic.  The conspiracy resulted in a documented loss of $2,937,921.   There is significant evidence to show that Mr. Moultrie was a member of this conspiracy.

  As to his personal history and characteristics, Mr. Moultie has a notable criminal history in California and in Cuyahoga Cnty., Ohio.  Although the documentation is somewhat limited, it appears that he has been convicted of, at least the following offenses: Burglary, Transporting/Selling controlled substances; and, Attempted Trafficking in Drugs.  He is also pled no contest to Possession of Controlled Substances with a Valid Prescription in West Virginia, while under indictment for this case.  (ECF #147, Ex. 1). His convictions and other criminal history indicate that he has a history, of possessing and selling controlled substances including cocaine, and marijuana.

3

Relevant to his likelihood of appearing before this Court when required, Mr. Moultrie's listed address was in San Francisco, California, but he was arrested in West Virginia. When the FBI attempted to locate Mr. Moultrie in connection with this case, including by conducting surveillance at his residence, they were unable to locate him for more than a year. He has no discernable community ties to the Northern District of Ohio, no apparent permanent residence, and significant out of state ties. Further although he claims to have a place to stay and job in the Northern District of Ohio, neither his residence nor his employment have been verified.[1] These factors all put him at a high risk for nonappearance, and therefore weigh in favor of detention.

The Court, therefore, finds that Mr. Moultrie has a high risk of non-appearance, and there is no condition of combination of conditions that could adequately assure his appearance going forward. Mr. Moultrie's Motion for Bond is, therefore, DENIED. (ECF #138). The Government's Motion for Detention is hereby GRANTED. (ECF #147). IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: October 31, 2024

---

[1] Mr. Moultrie included a letter from a J. Jones attesting to his employment at Filter Visual Dining Experience, 740 W. Superior Ave., Cleveland OH. However, when an internet search is done on that business name and location, the reservation link, along with various review and mapping sites indicate that the business has been permanently closed.